IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES EDWARD GRANT,

                    Plaintiff,

v.

MR. GILL, MR. BEAHM, JESSE SCHNEIDER,
BRIAN GREFF, GABE UMENTUM,
MR. SCHOUTEN, MR. LUNDE, MR. MARIWITZ,
MR. OLIG, MR. KITZMAN, and TONY MELI,

                    Defendants.

ORDER

14-cv-436-jdp

---

Pro se plaintiff James Edward Grant, an inmate at the Waupun Correctional Institution, has filed this proposed action naming several prison officials as defendants. Because plaintiff has not submitted the filing fee for this case, I construe his complaint as including a motion for leave to proceed *in forma pauperis*. However, plaintiff's ability to obtain *in forma pauperis* status is limited because he has "struck out" under 28 U.S.C. § 1915(g). That provision states as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

On at least three prior occasions, this court has dismissed lawsuits filed by plaintiff as legally frivolous. *See Grant v. Zeigler*, No. 08-cv-685-slc (W.D. Wis. Jan. 15, 2008); *Grant v. Robinson*, No. 08-cv-689-slc (W.D. Wis. Jan. 9, 2008); *Grant v. Barth*, No. 08-cv-669-slc (W.D. Wis. Jan. 8, 2008). In addition to the three-strikes bar, plaintiff has been sanctioned by this court for his numerous subsequent frivolous filings; until plaintiff pays off the more than $10,000 he owes for the cases and appeals he has previously filed, complaints filed by plaintiff are routed directly to chambers for review. If a complaint raises only vague or conclusory claims,

the court will not open a new case or take any further action on it. Instead, the clerk of court has been directed to place the filing in a box to be held for one year, after which the submission will be destroyed. *See Grant v. Maggle*, No. 14-cv-78-bbc (W.D. Wis. Mar. 19, 2014).

After reviewing plaintiff's current complaint, I directed the clerk's office to open it as a new case because plaintiff appears to raise allegations that he was sexually assaulted during a strip search and that he remains in danger of further assaults.[1] However, as has been plaintiff's tendency, his allegations are vague and difficult to follow. In addition, his handwriting in the current complaint is more difficult to understand than many of his previous efforts. Because of these problems, his complaint does not comply with Federal Rule of Civil Procedure 8(a), which requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (court will accept factual allegations in complaint as true, but they must give "'fair notice of what . . . the claim is and the grounds upon which it rests'" (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). As currently written, the defendants would not be able to tell what claims plaintiff is trying to bring against them.

Because plaintiff's allegations do not pass muster under Rule 8, I will dismiss the complaint and give plaintiff an opportunity to file an amended complaint that provides fair notice to defendants of the claims he is asserting against them. Plaintiff should draft the amended complaint as if he were telling a story to people who know nothing about his situation. This means that someone reading the complaint should be able to answer the following questions:

---

[1] To the extent that plaintiff seems to raise issues regarding his condition of confinement at the end of his submission, those do not seem to raise a question of imminent danger, so I will not consider them further.

- Which defendant or defendants conducted the strip search, and how did each of them harm plaintiff?

- Of the defendants not taking part in the strip search, how did each of them violate plaintiff's rights?

- Does plaintiff still face the threat of harm from these defendants? If so, why does plaintiff think that?

In addition to an amended complaint, plaintiff should submit a copy of his trust fund account statement for the period between December 16, 2013 and June 16, 2014, so that the court can consider the financial aspect of his request for leave to proceed *in forma pauperis*. If plaintiff does not submit an amended complaint by the deadline stated below, I will direct the clerk of court to enter judgment in favor of defendants and close the case.

ORDER

IT IS ORDERED that:

1) The complaint filed by plaintiff James Edward Grant, Dkt. 1, is DISMISSED for failing to comply with Federal Rule of Civil Procedure 8.

2) Plaintiff may have until October 30, 2014 to submit an amended complaint explaining the basis for his claims, along with a six-month inmate trust fund account statement. Failure to submit an amended complaint by this deadline will result in dismissal of the case.

Entered this 9th day of October, 2014.

BY THE COURT:

/s/
JAMES D. PETERSON
District Judge