IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES EDWARD GRANT,

                Plaintiff,

v.

MR. GILL, MR. BEAHM, JESSE SCHNEIDER,
BRIAN GREFF, GABE UMENTUM,
MR. SCHOUTEN, MR. LUNDE, MR. MARIWITZ,
MR. OLIG, MR. KITZMAN, and TONY MELI,

                Defendants.

ORDER

14-cv-436-jdp

---

*Pro se* plaintiff James Edward Grant, a state of Wisconsin inmate currently housed at the Wisconsin Resource Center, filed this lawsuit alleging in part that he was sexually assaulted during a strip search while housed at the Waupun Correctional Institution (WCI).[1] After considering plaintiff's allegations, I dismissed the complaint for failing to comply with Federal Rule of Civil Procedure 8 and directed him to file an amended complaint as follows:

> Because plaintiff's allegations do not pass muster under Rule 8, I will dismiss the complaint and give plaintiff an opportunity to file an amended complaint that provides fair notice to defendants of the claims he is asserting against them. Plaintiff should draft the amended complaint as if he were telling a story to people who know nothing about his situation. This means

---

[1] Plaintiff is barred by statute and this court's sanctions from proceeding *in forma pauperis* on any claims other than those alleging that he is in imminent danger of serious physical harm. *See* 28 U.S.C. § 1915(g); *Grant v. Maggle*, No. 14-cv-78-bbc (W.D. Wis. Mar. 19, 2014). Accordingly, in addressing plaintiff's original complaint, I did not consider any allegations other than the allegations that he had been sexually assaulted and remained in danger of further assaults. *See* Dkt. 2, at 2 n.1. Plaintiff's transfer away from the Waupun Correctional Institution after he filed the lawsuit does not deprive him of the ability to proceed *in forma pauperis* in this case. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003).

>that someone reading the complaint should be able to answer the following questions:
>
>- Which defendant or defendants conducted the strip search, and how did each of them harm plaintiff?
>
>- Of the defendants not taking part in the strip search, how did each of them violate plaintiff's rights?
>
>- Does plaintiff still face the threat of harm from these defendants? If so, why does plaintiff think that?

Dkt. 2, at 2-3.

Now plaintiff has filed an amended complaint, but his new allegations do not answer any of the questions I raised in the previous order. Rather, plaintiff makes only fleeting mention of the sexual assault and instead goes on to catalogue various other ways he believes WCI staff violated his constitutional rights, including using excessive force against him, poisoning his food; making false allegations of misconduct, which led to him being disciplined; preventing him from attending a disciplinary hearing; and giving him "dehumanizing" restrictions such as being forced to kneel at the back of his cell when approached by staff. Plaintiff names over 40 staff members as defendants but does not explain how any of them were involved in violating his rights, or how the various different violations are connected to each other. I must dismiss this complaint as well under Rule 8 because plaintiff has not provided defendants with proper notice of what each of them did to violate his rights.

I will give plaintiff a final chance to submit a complaint that complies with Rule 8. I will again instruct him that he should draft his amended complaint as if he were telling a story to people who know nothing about his situation. For every defendant plaintiff names in the caption of his new amended complaint, he will have to explain what *specific action* that

2

particular defendant took that violated his rights. For instance, regarding his strip search claim, he needs to explain the circumstances surrounding the search, which defendants took part in the search, and what they did that makes plaintiff believe that he was sexually assaulted.

Plaintiff should also understand that he will not be allowed to proceed on several different unrelated claims against dozens of defendants. At this point I will not rule out plaintiff being allowed to proceed on "imminent danger"-type claims other than his sexual assault claims, but plaintiff will need to provide much more detail about the events surrounding each alleged constitutional violation, including the names of the defendants involved in each.

One of the problems plaguing plaintiff's filings is that his handwriting is sometimes very difficult to read. It is very important that plaintiff make his amended complaint as legible as possible so that this court and the defendants can understand what he is alleging.

Finally, I will address a series of motions filed by plaintiff. Plaintiff has filed a motion in which he seems to be asking for the court to intervene in the prison's handling of his outgoing mail to this and other courts. Dkt. 4. I understand plaintiff to be alleging that prison officials are interfering with his ability to mail documents to the courts. He has also filed a motion asking for the court to order the DOC to provide him with postage and envelopes. Dkt. 7. However, plaintiff has seemingly had little difficulty filing several submissions in this case and brand-new complaints in several other cases, so he has not persuaded me that there is any reason for court intervention. I will deny both motions.

Plaintiff has filed a "Motion to close correctional institutions due to corruption, criminal activities, oppression and tyranny," Dkt. 11. I understand plaintiff to be asking me

3

to order the closing of at least four Wisconsin prisons. Although this court has the power to order injunctive relief aimed at addressing proven constitutional violations against prisoners, this request is simply an unrealistic objective given the nature of the claims put forth by plaintiff. I will deny the motion.

Plaintiff has submitted a document stating that he "did not intend to make matters complicated, difficult or complex," and asking this court "to give him another opportunity and or chance to accurately comply with court orders." Dkt. 13, at 1, 3. To the extent that plaintiff seeks leave to amend his complaint, I will deny the motion as moot because, as stated above, I have already decided to give him a final chance to submit a complaint that complies with Rule 8. Plaintiff also asks for a copy of his complaint. I will direct the clerk of court to send plaintiff a copy of his original and amended complaints. In the future, plaintiff should keep a copy of each document he submits.

ORDER

IT IS ORDERED that:

1. Plaintiff James Edward Grant's amended complaint, Dkt. 3, is DISMISSED for failing to comply with Federal Rule of Civil Procedure 8.

2. Plaintiff may have until October 6, 2015, to submit an amended complaint addressing the problems detailed in the opinion above. Should plaintiff fail to submit an amended complaint by this deadline, I will direct the clerk of court to enter judgment dismissing the case.

3. Plaintiff's motions for court intervention in his outgoing mail, Dkt. 4, or provision of mailing supplies, Dkt. 7, are DENIED.

4. Plaintiff's motion for a court order closing several Wisconsin prisons, Dkt. 11, is DENIED.

5. Plaintiff's motion for leave to file an amended complaint, Dkt. 13, is DENIED as moot.

Entered September 15, 2015.

                              BY THE COURT:

                              /s/

                              _____
                              JAMES D. PETERSON
                              District Judge