IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES EDWARD GRANT,

            Plaintiff,

   v.

JEFFERY GILL, JOSEPH BEAHM,                                ORDER
JESSE SCHNEIDER, BRIAN GREFF,
GABRIEL UMENTUM, DEREK SCHOUTEN,              14-cv-436-jdp
MICHAEL J. LUNDE, LUKAS MARWITZ,
TODD OLIG, JUSTEN KITZMAN, TONY MELI,
and AARON BEDKER,

            Defendants.

---

Plaintiff James Edward Grant, a former state of Wisconsin inmate currently living in Madison, brings claims that defendant prison officials used excessive force on him while they escorted him to a disciplinary hearing, and that he was sexually assaulted during a strip search while housed at the Waupun Correctional Institution (WCI). There are several motions pending before the court, including defendants' motion for summary judgment. This order will resolve all of Grant's pending motions. I will issue a ruling on defendants' motion for summary judgment in a later order, after the parties have supplemented their summary judgment materials, as discussed below.

First, I note that Grant has identified the "John Doe" defendant who he says videotaped his escort and subsequent strip search. He named this defendant as "CO Bedkler." Dkt. 30. The state has filed an answer on Aaron Bedker's behalf, and from the parties' summary judgment materials it appears that Grant agrees that this is the proper defendant despite the slight difference in spelling. I have amended the caption to include Bedker.

Grant has filed a motion for the court's assistance in recruiting counsel, Dkt. 22. But as Grant knows from his previous cases, this court generally requires a plaintiff seeking counsel to show that he has made reasonable efforts to locate an attorney on his own. *See Jackson v. Cnty. of McLean*, 953 F.2d 1070, 1072–73 (7th Cir. 1992) ("the district judge must first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts"). To meet this threshold requirement, this court usually requires plaintiffs to submit correspondence from at least three attorneys to whom they have written and who have refused to take the case. Grant has not done so, so I will not consider his motion further.

In my order screening Grant's second amended complaint, I stated that it was unclear whether Grant sought to bring excessive force claims about the strip search itself (as opposed to the escort leading up to the search), and that Grant "will eventually have to decide whether he intends to bring an excessive force claim based on the strip search, and defendants are on notice that this issue may have to be addressed in more detail later." Dkt. 17, at 7. Grant has filed a motion stating that would indeed like to bring an excessive force claim about the strip search. Because defendants are already defending against allegations that they humiliated and "violated" Grant during the strip search, defendants have perhaps already produced all the evidence they wish regarding the propriety of their conduct during the strip search, but I will give them a short time to supplement their proposed findings regarding the excessive force theory. I will give Grant an opportunity to respond to any supplemental materials.

I will also give Grant a chance to conform his proposed findings of fact, Dkt. 49, to this court's standards. Many of his proposed findings recount his firsthand account of events. Those types of proposed findings are usually accompanied by an affidavit or declaration under which

the plaintiff states under penalty of perjury that he is telling the truth. I would not require a *separate* affidavit or declaration if the plaintiff's proposed-findings-of-fact submission itself operated as a declaration, because the plaintiff included within that document a statement that he declares under penalty of perjury that his version of events is true. But Grant has not done that here. Therefore I cannot consider his proposed findings in their current form. I will have the clerk of court send a copy back to Grant for him to review and supplement with a statement that he "declare[s] under penalty of perjury that the foregoing is true and correct," followed by his signature. *See* 28 U.S.C. § 1746. If Grant fails to do this, I will not consider any of his proposed findings about his firsthand account of events.

It looks like defendants have substantively responded to most of Grant's responses to their proposed findings, while also objecting to the lack of accompanying evidence. But if Grant appends a declaration to his proposed findings, defendants may have another chance to fully respond to them. Defendants should also respond to the statements on pages 1-4 of Grant's opposition, in which he appears to state his own direct proposed findings.

Finally, Grant has filed a document he calls a "discovery motion" in which he requests copies of WCI's policies for "control status." Dkt. 33. I will consider this to be a motion to compel production of these materials. I will deny the motion because Grant does not show that he filed formal discovery requests about these materials and how the state responded to his requests. It is also unclear what purpose those policies would serve in this case. From other documents he has filed, including a copy of a letter he sent to the state about prosecuting defendants for their alleged misdeeds, Dkt. 34, he appears to take issue with the conditions within the control-status cells, but he does not have claims in this lawsuit about the conditions

of those cells. In any event, he may find Wisconsin Administrative Code § DOC 303.74 helpful. That regulation discusses the rules for the use and conditions of control status.

ORDER

IT IS ORDERED that:

1. Plaintiff James Edward Grant's motion for the court's assistance in recruiting him counsel, Dkt. 22, is DENIED without prejudice.

2. Plaintiff's motion to include an excessive force theory with his strip search claim, Dkt. 29, is GRANTED. Defendants may have until October 9, 2017, to supplement their summary judgment motion with any additional materials regarding plaintiff's claim that they used excessive force against him during their strip search. Plaintiff may have until October 16, 2017, to file a response to the supplement.

3. The clerk of court is directed to send plaintiff a copy of his submission opposing summary judgment, Dkt. 49. Plaintiff may have until October 9, 2017 to attach to that document a statement that he swears under penalty of perjury that his account of the events listed inside is true. Defendants may have until October 16, 2017 to submit revised responses to those proposed findings.

4. Plaintiff's motion to compel discovery, Dkt. 33, is DENIED.

Entered September 27, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge