IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES EDWARD GRANT,

                Plaintiff,                              ORDER

    v.

                                                      14-cv-436-jdp

JEFFREY GILL,

                Defendant.

---

This order memorializes my rulings at the December 6, 2017 pretrial conference.

The parties consented to Magistrate Judge Stephen Crocker presiding over jury selection. The parties should note that the time for jury selection has changed: it is now set for 11:00 a.m. on Monday, December 11, in Courtroom 360. Although not specifically discussed at the hearing, the jury will consist of eight jurors to be selected from a qualified panel of fourteen. Each side will exercise three peremptory challenges against the panel.

The trial itself will start around 9:00 a.m. on Wednesday, December 13, before me in Courtroom 260. I will hear proffers from plaintiff Grant's three proposed witnesses at 8:30 a.m. on Wednesday to determine whether they will be allowed to testify. Depending on my rulings after the proffers, we will take up the question of bifurcating the trial.

The parties preliminarily approved the court-drafted voir dire, preliminary jury instructions, and post-trial instructions, with only minor changes. We will revisit issues pertaining to the post-trial instructions and verdict form as the trial progresses.

The following rulings were made on the parties' motions:

Grant's motion in limine, Dkt. 61, was DENIED as lacking specific challenges to defendant Gill's evidence.

Gill's motion in limine No. 1, Dkt. 66, was GRANTED: Grant may not refer to prior lawsuits involving Gill or other Waupun Correctional Institution staff.

Gill's motion in limine No. 2, Dkt. 66, was GRANTED in part: Grant may refer to his own perception of his health and symptoms before and after the incident, but he will not be allowed to diagnose himself.

Grant's motion for subpoenas, Dkt. 63, was DENIED as moot; Grant has clarified that his proposed witnesses will appear voluntarily.

Grant's motion to have his witnesses view the video of the incident, Dkt. 62, was DENIED because none of his witnesses were present for the incident itself.

Grant's motion for authentication regarding the video of the incident, Dkt. 60, was DENIED as moot because the parties have already stipulated to the authenticity and admissibility of the video. I concluded that the jury could be shown the video from its start to about the 7:38 mark, at the conclusion of the nurse's evaluation of Grant's complaints.

Grant's "Motion Trial Preparation," Dkt. 64, was really a motion in limine regarding various pieces of evidence he sought to use. I GRANTED the motion in part: he will be allowed to present the conduct report proceedings concerning the incident, Gill's declaration about the incident, and pages from the segregation handbook. But his amended complaint and deposition testimony is not evidence and will be excluded. Gill may use those items to impeach Grant, however.

I warned the state that use of Grant's conduct reports for other incidents may be used in an attempt to disprove that Gill meant to retaliate against Grant for those reports, but may not be used to show that Grant was a disruptive inmate.

Entered December 7, 2017.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge