IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES EDWARD GRANT,

                Plaintiff,

  v.

JEFFREY GILL, JOSEPH BEAHM,                               ORDER
JESSE SCHNEIDER, BRIAN GREFF,
GABRIEL UMENTUM, DEREK SCHOUTEN,             14-cv-436-jdp
MICHAEL J. LUNDE, LUKAS MAR.WITZ,
TODD OLIG, JUSTEN KITZMAN,
TONY MELI and AARON BEDKER,

                Defendants.

---

Plaintiff James Edward Grant brought claims that defendant prison officials retaliated against him and used excessive force on him while they escorted him to a disciplinary hearing, and that he was sexually assaulted during a strip search while housed at the Waupun Correctional Institution. I granted summary judgment to defendants on all of Grant's claims except his claim that defendant Jeffrey Gill retaliated against him by using excessive force during the escort—it was undisputed that Gill pushed him into the wall of a hearing room at the conclusion of the escort. Those claims were tried on December 13, 2017, with the jury finding no liability on behalf of defendant Gill.

Grant filed a notice of appeal, a motion for leave to proceed *in forma pauperis*, and a motion for preparation of trial transcripts at the government's expense. I withheld rulings on those motions because Grant had not fully supported them: he had not fully completed the affidavit outlining his financial status, and he did not explain why he wanted to appeal other than saying that he wanted to appeal the jury's verdict. I gave Grant a short time to supplement his materials. *See* Dkt. 100.

Grant has provided supplemental materials, although his financial affidavit is still incomplete—he continues to provide no answer to the question asking whether he has funds in various investment vehicles. *See* Dkt. 101. Nonetheless, even assuming that the answer to that question is no, and that Grant is indigent, I will deny his motion for *in forma pauperis* status on appeal because I conclude that his appeal is not taken in good faith.

Under 28 U.S.C. § 1915(a)(3), a district court may deny a request for leave to proceed *in forma pauperis* if the appeal is "not taken in good faith." *See also* Fed. R. App. P. 24(a)(3). An appeal is taken in good faith if "a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000). Now that Grant has explained the grounds for his appeal, no reasonable person could conclude that it has merit.

Grant says that he "strongly believes that the jury erred in its ruling," Dkt. 104, at 1, and then states reasons why he thinks that Gill's and other defense witnesses' testimony was not compelling. He says that Gill "minimized" his actions and that other defense witnesses lied when they said that they did not think that Gill used excessive force against him, and that they would have reported Gill had he done anything wrong. Grant says that there are "grounds for impeachment" of those witnesses. *Id*.

But his mere disagreement with the jury is not enough to win an appeal. A court may set aside a verdict as contrary to the manifest weight of the evidence "only if no rational jury could have rendered the verdict." *Moore ex. rel. Estate of Grady, v. Tuleja*, 546 F.3d 423, 427 (7th Cir. 2008). Grant did attempt to impeach Gill and the other witnesses, but the jury must have accepted Gill's version of the story: that it was necessary to subdue Grant because he felt threatened by Grant glancing up at him. A rational jury could have done so, because video of the escort shows that Grant refused to follow Gill's directive to keep looking straight ahead as

2

they made their way toward the hearing room, and Grant and Gill were the only eyewitnesses to what happened inside the room. It was the jury's task to decide who was more credible.

Grant says that "[the] preponderance of evidence standard should have been used," Dkt. 104, at 1, but I instructed the jury to use that standard both before and after trial, *see* Dkt. 87, at 7 (the court's introductory jury instructions) and Dkt. 88, at 5–6 (the court's post-trial jury instructions).

Grant says, "Due to the harassment from defendant of both depositions Mr. Grant fatally misstated facts of his meal and complained about the meal. That tarnished Mr. Grant's credibility and put him at risk or in harm's way for impeachment." Dkt. 104, at 1. I take him to be saying that at his deposition he was unable to accurately recall the details of an incident before the escort, in which he says that Gill denied him a meal when he said he had a disciplinary hearing that day, which showed Gill's animosity toward Grant and his attempt to defend himself in the disciplinary hearing. But Grant could not succeed on appeal with an argument about being harassed at his deposition, because he did not raise it during the proceedings in this court. *See, e.g.*, *Stevens v. Umsted*, 131 F.3d 697, 705 (7th Cir. 1997) ("It is axiomatic that arguments not raised below are waived on appeal.").

Because no reasonable person could suppose that Grant's appeal has any merit, I certify that it is not taken in good faith, and I will deny his motion for leave to proceed *in forma pauperis* on appeal. That means that Grant cannot proceed with his appeal without prepaying the $505 filing fee, unless the court of appeals gives him permission to do so. Under Federal Rule of Appellate Procedure 24, Grant has 30 days from the date of this order to ask the court of appeals to review this court's denial of leave to proceed *in forma pauperis* on appeal. Grant must include with his motion a copy of his affidavit of indigency and a copy of this order. If he does

not file a motion requesting review of this order, the court of appeals may choose not to address the denial of leave to proceed *in forma pauperis* on appeal. Instead, it may require Grant to pay the full $505 filing fee before it considers his appeal further. If he does not pay the fees within the deadline set, it is possible that the court of appeals will dismiss the appeal.

Grant has also filed a motion for trial transcripts to be prepared at government expense. But I can grant that motion only if I conclude that he may proceed with his appeal *in forma pauperis* and that "the appeal is not frivolous (but presents a substantial question)." 28 U.S.C. § 753(f). Given my ruling denying Grant *in forma pauperis* status, I will also deny his motion for preparation of transcripts.

ORDER

IT IS ORDERED that:

1. Plaintiff James Edward Grant's motion for leave to proceed *in forma pauperis* on appeal, Dkt. 96, is DENIED. I certify that his appeal is not taken in good faith. If plaintiff wishes to appeal this decision, he must follow the procedure set out in Fed. R. App. P. 24(a)(5).

2. The clerk of court is directed to ensure that plaintiff's obligation to pay the $505 fee for filing his appeal is reflected in the court's financial records.

3. Plaintiff's motion for preparation of transcripts, Dkt. 97, is DENIED.

Entered April 6, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge